Wachtler, J. (dissenting).
I dissent and vote to affirm. In light of the importance of the privilege to drive (Bell v. Burson, 402 U. S. 535), our court has consistently recognized the quasi-criminal nature of traffic law enforcement and has generally held that such prosecutions are governed by the rules of the criminal law (People v. Phinney, 22 N Y 2d 288, 290; People v. Firth, 3 N Y 2d 472, 474). Indeed, in People v. Hildebrandt (308 N. Y. 397, 400) we noted the necessity of establishing guilt beyond a reasonable doubt.
Here, appellants seek to justify the challenged statute which lowers the burden of proof to “clear and convincing” by raising the shibboleth of administrative efficiency. While revising procedures to enable more efficient processing may be a legitimate legislative concern, this statute does not bear a rational relationship to a legitimate purpose. Merely changing the quantum of proof does not promote efficiency nor reduce the case load. Accordingly, I consider this statute an unconstitutional impairment of the petitioner’s due process rights.